Filed 7/27/26  P. v. Pope CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>       v.<br><br>JACOBY NEHEMIAH POPE,<br><br>       Defendant and Appellant. | C102304<br><br>(Super. Ct. No. 03F00237) |

Defendant Jacoby Nehemiah Pope appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Pope contends that he was eligible for relief because an erroneous "kill zone" instruction at his 2004 trial allowed the jury to convict him of attempted murder based on a theory of imputed malice.  We reject his contention and affirm.

## BACKGROUND

We draw the basic factual background from our prior opinion in Pope's direct appeal, which we summarize for context only.  In 2003, victim C.H. drove two friends to a park.  While on the way there, C.H. approached three women in front of a house.  When he asked them how they were doing, they walked into the garage.  When C.H. drove past the house a second time, T.W. ran out of the garage and confronted him.  As the two men

---

[1]  Undesignated statutory references are to the Penal Code.

1

argued, Pope exited the garage and watched. C.H. and his two friends continued to the park. When they arrived, they remained inside C.H.'s car. About 10 seconds later, the women from the house drove by. A few minutes later, a car sped toward C.H.'s vehicle. The driver of the speeding car fired multiple shots, striking C.H. in the buttocks and one of C.H.'s friends in the back. Pope was arrested the next day after the victims identified him as the shooter. (*People v. Pope* (Nov. 26, 2007, C049394) [nonpub. opn.].)

The People charged Pope with three counts of attempted murder and one count of discharging a firearm at an occupied motor vehicle and alleged several firearm enhancements. At trial, the court instructed the jury on attempted murder using CALJIC No. 8.66, which listed two elements: "1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." The court also used CALJIC No. 3.31, which told jurors that for attempted murder to occur, "there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator. Unless this specific intent exists[,] the crime to which it relates is not committed. [¶] The crime of at[t]empted murder … requires the specific intent to kill."

The trial court also instructed the jury about the "kill zone" theory of concurrent intent using CALJIC No. 8.66.1: "A person who primarily intends to kill one person, may also concurrently intend to kill other persons within a particular zone of risk. This zone of risk is termed the 'kill zone.' The intent is concurrent when the nature and scope of the attack, while directed at a primary victim, are such that it is reasonable to infer the perpetrator intended to ensure harm to the primary victim by harming everyone in that victim's vicinity. [¶] Whether a perpetrator actually intended to kill the victim, either as a primary target or as someone within a 'kill zone' is an issue to be decided by you." The trial court did not instruct the jury on the doctrine of natural and probable consequences.

The jury convicted Pope of the attempted murder of C.H. and found true the accompanying firearm enhancements. The jury also found Pope guilty of discharging a firearm at an occupied motor vehicle and found true a section 12022.53, subdivision (d) firearm enhancement for that offense. The jury deadlocked on the other two attempted murder charges, and the trial court discharged the jury without verdicts on those counts. The court sentenced Pope to eight years eight months plus 50 years to life in prison.

II.

In 2022, Pope filed a petition pursuant to what is now section 1172.6, seeking to have his attempted murder conviction vacated. The People argued in response that Pope did not qualify for relief because he was not convicted of attempted murder under the natural and probable consequences doctrine.

The trial court denied Pope's petition. The court explained that the "jury did not receive any instruction which would have allowed it to impute malice to the petitioner." Instead, "the only path under which the jury could have convicted petitioner of attempted murder required the jury to find petitioner possessed the intent to kill the named victim." Accordingly, the record established that Pope "was not convicted of attempted murder under the natural and probable consequences doctrine" and "that the jury found petitioner guilty of attempted murder under a still valid theory of liability." Pope was thus ineligible for relief.

Pope filed a timely notice of appeal.

DISCUSSION

I.

Effective January 1, 2019, Senate Bill No. 1437 narrowed the scope of the felony-murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-450.) Among other things, the enactment amended section 188 to require that a principal convicted of murder "act with malice aforethought." (Stats. 2018, ch. 1015, § 2, subd. (a)(3).) It further

3

provided that malice "shall not be imputed to a person based solely on his or her participation in a crime." (*Ibid.*) It also added a procedure, now codified in section 1172.6, to permit individuals convicted of murder under prior law to request that their conviction be vacated and to seek resentencing. (Stats. 2018, ch. 1015, § 4; *Curiel*, at pp. 449-450.)

In 2021, the Legislature adopted Senate Bill No. 775 (2021-2022 Reg. Sess.) to expressly allow those convicted of attempted murder under the natural and probable consequences doctrine or manslaughter to seek resentencing under section 1172.6. (Stats. 2021, ch. 551, § 2, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 544, 548.) The Legislature enacted the provision to "clarif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

The statute now provides that "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

4

(2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

(3)  The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

After briefing on the petition, the trial court must hold a hearing to determine whether the petitioner has made a prima facie case for relief.  (§ 1172.6, subd. (c).)  "To determine whether a prima facie case has been pled, courts must take a ' " 'petitioner's factual allegations as true and make[] a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  …' " ' In making this determination, courts may examine portions of the record of conviction but may neither engage in ' "factfinding involving the weighing of evidence or the exercise of discretion" ' nor make 'credibility determinations.'  [Citation.]  At this preliminary stage, denial of a section 1172.6 petition is proper only '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief.' " (*People v. Lopez* (2026) 19 Cal.5th 639, 657-658.)  If the petition shows a prima facie entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioning defendant is guilty of murder or attempted murder on a still-valid theory.  (*Id.* at p. 658; § 1172.6, subds. (c), (d)(1) & (3).)  Whether the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law is a legal question that we review de novo.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

## II.

In this case, the trial court correctly concluded that Pope is ineligible for resentencing.  With respect to the crime of attempted murder, section 1172.6 provides relief for defendants convicted under the natural and probable consequences doctrine.

5

(§ 1172.6, subd. (a) ["A person convicted of … *attempted murder under the natural and probable consequences doctrine* … may file a petition with the court that sentenced the petitioner to have the petitioner's … attempted murder … conviction vacated and to be resentenced on any remaining counts …" (italics added)].)  Pope concedes that his jury was not instructed on the natural and probable consequences doctrine.  That means he is not eligible for resentencing under the statute.  (*People v. Coley*, *supra*, 77 Cal.App.5th at p. 548 [resentencing petition properly denied where jury not instructed on natural and probable consequences theory of attempted murder].)

Pope contends that the "kill zone" instruction given at his trial permitted the jury to convict him under a theory of imputed malice and that he therefore is eligible for resentencing.  We disagree.  Initially, the statutory phrase on which Pope relies—"or other theory under which malice is imputed to a person based solely on that person's participation in a crime"—applies only to murder, not to attempted murder, convictions.  (§ 1172.6, subd. (a); see also *People v. Lopez*, *supra*, 19 Cal.5th at p. 661 ["the statute reaches any murder conviction in which a defendant may have been convicted based on a 'theory under which malice is imputed to a person based solely on that person's participation in a crime,' " quoting § 1172.6, subd. (a)(1)].)  But even taking his argument on its own terms, the "kill zone" instruction, which Pope claims was faulty under *People v. Canizales* (2019) 7 Cal.5th 591, did not permit the jury to impute malice.  As *Canizales* explains, the risk of giving an improper "kill zone" instruction is that, if "misled, the jury might well [find] factual support for what was effectively an 'implied malice' theory of attempted murder without detecting the legal error" that implied malice is insufficient to support a conviction for attempted murder.  (*Id.* at p. 614.)  But "[i]mplied malice is not imputed malice." (*People v. Carr* (2023) 90 Cal.App.5th 136, 139; see also *id.* at pp. 143-144 [explaining differences between the two]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 231 ["The name of the [natural and probable consequences] doctrine is confusing, since implied malice also incorporates the idea of

6

'natural and probable consequences,' but the two concepts are distinct"].)  That means that the asserted flaw in the "kill zone" instruction could not "have resulted in conviction under now-invalid theories of imputed malice."  (*People v. Lopez*, *supra*, 19 Cal.5th at p. 668.)  Accordingly, the trial court correctly determined that Pope failed to make a prima facie showing of entitlement to relief under section 1172.6.

DISPOSITION

The trial court's order denying Pope's petition for resentencing is affirmed.


/s/ _____<br/>FEINBERG, J.

We concur:


/s/ _____
EARL, P. J.



/s/ _____
RENNER, J.

7